The first case up this morning is 4160920, a person like Tavius Johnson. For the appellant is Mr. Darren Kimmel. For the appellee is Allison Paige Brooks. Mr. Kimmel, you may proceed. May it please the court. Counsel. Counsel. I'm Darren Kimmel, and on behalf of the Office of the Appellate Defender, I represent Octavius Johnson. In this case, the state does not contest that improper sentencing error occurred, that it was reversible error, or that it was a substantial error that affected the fairness and integrity of the sentencing proceedings as pronged to plain error. The state doesn't challenge any of that. Instead, the only argument the state makes is that this court should ignore the error, and specifically that this court should do so by reversing its own precedent from 2015, the People v. Palmer Smith case. This court should decline that invitation and should vacate Mr. Johnson's sentences and remand for resentencing. The lower court explicitly relied on two statutory factors and aggravations in this case that were implicit to the offenses, that the delivery of controlled substance offenses were done for financial gain, and that these offenses threatened harm to others. And the court did that explicitly as it was weighing the factors of mitigation and aggravation. Our case law is clear that those two statutory factors are implicit in these offenses, and so this was error. The state doesn't challenge that. It is also not clear from the record that this error didn't contribute to the length of the sentences. This discussion dominated by the trial court. This discussion dominated the sentencing analysis. It was almost the entire thing, and it happened quite soon before the court, in fact, imposed sentences. So this was a reversible error, and the state doesn't challenge that point either. Finally, this was a substantial error under pronged to of the plain error doctrine. It affected the fairness and integrity of the sentencing proceedings, and the state doesn't challenge any of that. Instead, the state argues that this court should ignore the error by overturning Palmer-Smith. I would point out that almost the entirety of the state's argument on Palmer-Smith relies on cases that were decided 15 or years before Palmer-Smith, that were already taken into account in that decision. So essentially the state's argument almost entirely is that Palmer-Smith was wrongly decided at the time that it was issued. Speaking about 15 years, I note that your citation of improper factor constituting plain error in a sentencing situation cites People v. Reed and People v. Martin, which are earlier decisions before the Supreme Court addressed these matters. As a matter of fact, I think it was another Reed case where it said how these are forfeited issues, and you have to provide written motion and all that, and that it's not because a sentencing error occurred automatically, plain error in sentencing. This Court has written about it extensively, and you cite none of those cases. Your Honor, I do cite the Abdel-Hadi case. Which is premised on a case from the mid-1980s, which precedes the Supreme Court decision and all the decisions of this Court. Your Honor, I would be happy to cite additional cases. Well, I guess my point is your posture seems to be, the Court made a mistake here in sentencing by considering an inherent factor, and therefore it's plain error. That's pretty much the analysis you presented us with, isn't it? I would go beyond that, Your Honor. I think it's not that because of the type of error this is categorically plain error. The argument I make in the brief is that this is the classic, as in Abdel-Hadi, which is out of the Second District, which is also a plain error case. This is the type of error that should be reversed under plain error. This does undermine the fairness of the sentencing proceeding. In the brief, I presented the merits analysis first, and did the plain error analysis last, and then referred back to the merits analysis. I could have replicated the same analysis again in the plain error section, and I thought I would save the Court some time by referring back to it. It would have been the exact same analysis a second time. Well, it's interesting. You cite the, if I can pronounce correctly, Abdel-Hadi. That's as best as I can do. Second District case, this Court's got a half a dozen that you've omitted on the same point. I would happily do a motion to cite additional authority if Your Honor would like me to cite it. I would note this issue is not further developed because the State didn't engage on it. I would reference, if I can cite it in an additional case, I would reference the matter you have. You're correct that the State simply says, no, it's not something which is cognizable, as opposed to saying it's cognizable but might not cast it plain error. Right. I would say this is plain error. The Maggio decision, which I did not cite, which I will happily do a motion to cite additional authority from this Court in June, written by Justice Knax, Justice Appleton, you were on that panel as well, that case this Court found found to be plain error for an improper aggravating factor that related to Fifth Amendment rights remain silent at sentencing, but the crux of the analysis was it was an improper aggravating factor. This Court found it to be plain error in the exact way that we're advocating for here today. So I will happily file a motion to cite additional authority for People v. Maggio later today. Okay. So I guess the point that I was making is that the bulk of the State's argument is that Palmer-Smith was wrongly decided at the time it was decided. I think this Court should reject that invitation to overturn recent precedent. The only new thing that's happened since Palmer-Smith that the State cites near the end of its brief is the 3rd District's decision in People v. Rademacher, which did disagree with Palmer-Smith. The 2nd District agrees with this Court, and the 3rd District did disagree in People v. Rademacher. One of the judges on that panel specifically concurred to avoid agreeing with that section of Rademacher, so in that sense it was a 2-1 decision on this point that we're talking about, disagreeing with Palmer-Smith. And I think there's some problems with the 3rd District's analysis in Rademacher. The Court essentially equates improper sentencing, like the type we're looking at in this case, where something went wrong with the process of sentencing and an improper factor was relied on. The Court equates that type of argument with a general argument on excessive sentencing, that the sentence is just too long, regardless of what happened. And I think that's a flawed equation. I don't think those are the same thing. It's problematic to say those are always the same thing because it ignores what we were talking about under the plain error argument, that this is about the integrity of the sentencing process. And by equating those two arguments, I think what's implicit in that equation is that we don't care about that, and I think we should. The argument you're making is, just to get real technical here, is that when the trial court considered its sentencing as a factor in aggravation, a matter which is already inherent in the offense, that's a violation of the statute. It shouldn't do that. In fact, if the legislature wanted to, they could say you could do that, couldn't they? Let's assume for the moment, hypothetically. I'm not saying it in this case. I think the legislature could add whatever they wanted to those two things. They could say, for instance, in factors in aggravation mitigation, they could say a factor in aggravation is that the defendant gained monetarily by his crime, and the court may consider it as even though it's the crime of selling drugs, let's say, illegal drugs. The reason I ask that is, it's not necessary for your argument or analysis, if I understand correctly, it's not a rhetorical question, it's a corrective or wrong, that the error at the sentencing hearing must be constitutional in scope, denial of due process. In fact, leaving aside for the moment, whether it's denial of due process at that moment, would that be correct that it doesn't have to be constitutional? I don't think it's necessary for the argument today. If the procedural process was a PC petition, I think it would have been. Another way to put this is, your argument, if I understand correctly, is the defendant agreed to this plea agreement where there's a range from X to Y, that's the deal, and that the trial court in imposing a sentence within that range would consider only proper statutory factors. And your argument is, when, as here the record clearly shows, the court didn't consider only proper statutory factors, that's a violation of the deal. And he should be able to say, you didn't do this right. Go back, judge, and reconsider the sentence with the courts exercising proper factors, or another way to put it, not considering improper factors. Would that be correct? I don't know. I think I agree almost entirely except that I'm not sure how to phrase it as a violation of the deal. I would say the plea bargain deal that the two sides agreed to assumes that that's going to happen. Yes. No. Okay. I think the assumption is the trial court in, what was the range here again? Refresh my recollection. It was 4 to 13 under the deal. Class 1 would have been 4 to 15, so it was 4 to 13, and then the sentence imposed was 11. Okay. 4 to 13? Right. Okay. So the understanding is, okay, we're pleading, that's the deal. By the way, I've been around lots of this, as we all have, and I recognize that's a significant deal and agreement. The parties have reached this deal, but within that agreement, the expectation of the defendant is the trial court is going to consider only proper statutory factors, and, of course, it's always better form if at the trial level the trial court doesn't file a motion post-sentencing saying, you know, this was not right. But that's dealing with the second issue of whether this is plaintiff. Right. But dealing with the first issue, you're talking about a failure to commit or follow proper statutory factors or the court didn't do otherwise. The reason I'm talking about this is because there's some language in some of these other cases that seems to me unnecessary and overbroad, and we ought to be precise with what we're talking about. Your argument isn't premised upon any claim of a violation of due process. It doesn't need to be. That's right. Would that be correct? I agree. I think I could have broadened it to that, but it seemed unnecessary. And as a matter of fact, the Supreme Court advises us that to the extent possible, if there's a statutory basis to frame an argument or for us to make a ruling short of a constitutional basis, we should pick it. Would that be your understanding? I would say the arguments and rights are coextensive, and this court can rule on either basis. Then to be more explicit, the argument you're making to us today, even though I think some other cases have talked about it's a constitutional violation, due process violation. Number one, I'm not sure it would be a due process violation, because I think the legislature could so provide is my first question. But two, that's not your argument in any event, nor do you need to make it. You just say, hey, the statute was violated here, and the trial court's not following the statute is the breach of the agreement and understanding that we want corrected. That's what we've argued in this case. Well, I appreciate your candor, but I want to make sure, Mr. Kimball, I'm not putting words in your mouth. So this would be your – you'd be a happy guy to say this was a statutory violation and it shouldn't have happened. That's what we argue in this case. I do not want to concede that this is not a constitutional violation. We just haven't made that argument in this case. It doesn't need to be for the argument you're making. Exactly.  It would go beyond this case. I've made the argument needed to present the argument in this case, and that's as far as I want to go today. But I do agree there are overlapping arguments, and it was unnecessary here. I apologize. I think a lot of your time you're pursuing this obscure matter, and I want to give you an opportunity to continue with your argument otherwise. I was about to wrap up. Oh, okay. I'm always happy to answer the Court's questions rather than come here and give a speech that just regurgitates what I've already said in the brief. Good policy. So for all these reasons, we ask that this Court vacate Mr. Johnson's sentences and remand for resentencing and also accept the State's concession on the second argument, adding an extra day of sentence credit and $5 a day credit. Thank you. Okay. Thank you, Mr. Kimball. Ms. Brooks? Thank you, Your Honors. I'm Allison Paige Brooks, and I appear on behalf of the people. May it please the Court and counsel. This is a negotiated plea. It's State agreed to a cap of 13 years in prison, and they also agreed to not only seven other counts. And so when the trial court imposed the 11-year sentence and also then correctly admonished him about the necessity of him to file a motion to withdraw his plea before appealing. Now, the defendant's position is that the motion to reconsider sentence provisions of Rule 604D applied to him, even though he had a negotiated plea of guilty. And in doing so, he relies on this Court's recent decision in Palmer Smith. The State is requesting this Court to apply the explicit language from People v. Evans, 1996, codified in the November 1, 2000 amendment to Rule 604D. And I quote from Evans. This is very short and very straightforward. The motion to reconsider sentence provisions of Rule 604D apply only to open guilty pleas. And since Stacy in 1977, when a case that was negotiated as to charge only, ruled that the defendant could not attack his sentence without withdrawing his plea. That changed in 1988, People v. Wilk. When the Supreme Court made a policy judgment, they decided that it was okay to attack the sentence only so long as the defendant had entered a, quote, open plea of guilty. And Evans, 1996, confirms that that understanding is correct, that the Stacy rule was not changed for negotiated pleas of guilty. The defendant, after entering a negotiated plea of guilty, cannot attack his sentence without having his plea withdrawn and returning the parties to status quo ante. And so if this were a different case, the State would understand that this Court would probably continue to apply this district's precedent in Palmer Smith. And the State has cited other cases like First District Dunn and Fifth District Richard and even the more recent case in the Third District, Rademacher, and then would have to then file a PLA to the Illinois Supreme Court, urging the Supreme Court of Illinois to resolve the conflict in authority. However, the State's making this argument to the Court to not follow Palmer Smith for the obvious reason that it is inconsistent with the controlling precedent of the Supreme Court of Illinois, which has interpreted 604D not to apply the motion reconsider provisions not to apply to negotiated pleas of guilty, and of which this is most definitely a negotiated plea of guilty. So the reason why the State did not purge forfeiture on the reason that the defendant failed to include this issue in a motion to reconsider sentence is for the simple reason that under Dunn and Richard and Evans, the interpretations of 604D that exist outside this district, the defendant simply cannot file a motion to reconsider sentence, so it would be inconsistent for us to say that the defendant should have filed a motion to reconsider sentence that included this issue. On the other hand, Ms. Brooks, we might adhere to our erroneous earlier decisions. I'm sorry, Your Honor? We might adhere to our erroneous earlier decisions, in which case then the plain error issue becomes an issue to address. I understand, Your Honor. And the other thing is if this Court does rule in accord with Palmer Smith, then this Court could also simply find that under its other precedents limiting the scope of plain error review that this decision would be affirmed and the State would not have any ability to take this up on a PLA. So it seems like the tactical decision that given how obvious the argument is in terms of Evans' explicitness of its interpretation of 604D and how that rule has applied to negotiated pleas since 1977. And cases like Sweeney, Davis, and Hanna, in those many decades since, have ruled that sentencing claims go in a motion to withdraw a plea of guilty. Let me ask you this. I think it's a very good argument that the Supreme Court rule doesn't seem to fit this. On the other hand, I'm not sure that we can get the Supreme Court ever to address this matter unless we maybe adhere to some of our earlier cases. And this is a matter of policy. Leaving aside the technical aspect of the rule for a moment, what it says. It's a matter of policy. I personally have been involved in hundreds, maybe four figures worth of negotiated pleas. And I think the discussion that I've read in the Supreme Court of Illinois, is really important. That defendants, when they're making these deals, should really understand what the consequences are. Just as an aside, for instance, Supreme Court rules 402, speak about how the court shall inform a defendant that it's not bound by the deal, and how there's a deal between you and the state. And I'm not necessarily bound, I'm very familiar with this language. I think that's wrong. And as a trial judge, taking hundreds of guilty pleas, I never followed. And I think trial courts, this is a long way of explaining my question. Trial courts, when they're dealing with defendants, ought to, The position of a defendant pleading guilty to a specific sentence, for instance, ought to be one of two things. Either the judge is going to impose the sentence that we agreed to, pleading guilty to robbery for five years. Or the judge, at the sentencing hearing, when he discovers other aspects about this that are different or bad, will say, as I did a few times, I'm not going to go along with the deal, which means, Mr. Defendant, if you wish, you may have your guilty plea back. Because I'm going to refuse myself. It doesn't happen very often, but it happened a few times. I think it's a matter of fundamental fairness to defendants, and the notion that I've accepted the guilty plea and warned them I'm not bound to it, but then impose the seven-year sentence instead of the five the parties agreed to strikes me as the essence of unfairness and blindsiding these guys in something which the law shouldn't tolerate. This is all by way of a preface to my concern here. Was it four to 13? For a class one, yes, I think so. That's what was pled guilty. There was this cap. Some counts were dismissed. We're talking about four to 13. But the deal, the understanding from the defendant's point of view ought to be, there's the discretion within this range, but the trial court will consider only proper factors in deciding it. For instance, and I understand the case law that says, hey, trial judge says I've considered all the factors of aggravation, mitigation, and I think a nine-year sentence is appropriate. I don't think we'd be particularly sympathetic, and indeed I don't think the defendant could challenge that sentence. It's within the range. Now, trial court, it's a better form to explain what you do and why you do it. Let's assume you did it and just made general references as opposed to a nine-year sentence. But in a case like this, if you have the trial court, in my understanding, I think you agree that what the trial court said here is not correct. Right. Okay. Well, thank you for that, because I think that's part of what we're talking about. If the trial court, in fact, is in the exercise of its discretion from the four to 13-year range, clearly, considering improper fact, something inherently offense, or whatever it might be, and sometimes it's not clear. In this case, it seems to be pretty clear. Why shouldn't we view that as a breach of the deal? This is not what the defendant signed up for. In other words, he's talking to his lawyer. Maybe there was even explicit discussion. Hey, the judge is a pretty reasonable person, and within this range, I'm going to be arguing for the minimum, and I think the judge will consider things appropriately. We have a chance for that. But it's four to 13. Then he hears that the judge is considering improper stuff. Why? What policy is offended by saying, Judge, don't be doing this. Go back and do it again, where you're not going to consider improper stuff? Well, a few reasons. One is just more simply that the consideration of improper factors can be harmless, and it may not necessarily lead to a greater sentence. But that's the second issue I talked about with Mr. Kimmel. Let's assume for the moment, you know, set that aside. Maybe we'd be of a mind it isn't. This is bad stuff or whatever. And in those cases in which it is not harmless, then essentially it has led to an excessive sentence, which is the policy judgment of the Supreme Court of Illinois, reflected in Rule 604D since 1977 in the Stacy decision, that that cannot be attacked without withdrawing the plea. And essentially the- Pausing right there. See, that's my problem. I don't know that the Supreme Court, and they do a pretty good job of this, but I'm not sure they essentially foresaw the situation. Pausing. See, it might be, from the defendant's point of view, a really good deal, 4 to 13, with other counts. We had other counts. Like class X count, partly, too. Okay. This might be a real good deal, and he's analyzed it all, and he thinks, this is what I want to do. I just want the judge to not consider improper factors in exercising the court's judgment on where to go. And while this goes to the second factor, one way he specifically mentions a factor in mitigation, and he specifically mentions two factors in aggravation. That shows that he's thinking about what he's saying,  and I realize that goes more towards, but that's what the defendant said. Wait a minute. The state gave me a two-year break because it's 15, but we negotiated 13. And then the judge is giving me a two-year break because he was impressed by my efforts at rehab. But he's also whacking me because of these two factors that everybody's told me, or my lawyer told me, or now I figured it out, are improper. Back to the policy. My expectation is I will be sentenced fairly. And I'm not complaining about excessiveness in that sense. I mean, that's semantics. But he's not saying I got too long a sentence for what I did. He's saying within that framework, if you're going to consider the mitigating stuff, then the aggravating stuff you consider ought to be stuff that's appropriate, not stuff that's inherent in the offense. I understand. But still encompassed in his argument is that his sentence is too long. That's why he's complaining. That's why he's appealing. And that's always part of every claim of improper sentencing is that the sentence is too long, otherwise it's harmless. You're right, but it's too long for the wrong reasons. That's really kind of the difference here. I mean, in other words, if it were just too long and I don't like it, you're out of luck. But if it's too long because the court considered improper factors, maybe that's something which should be cognizable. But I understand this court's policy back to Katron and economy that motivated this sort of rule that the court should be allowed to reconsider and a public court should be allowed to review the sentence. But that's a contrary policy, and that's one that doesn't fit with the scheme because when the Elmley Supreme Court enacted the Colerary Rule, which is the admonition rule, Rule 605C, they admitted the admonition that the defendant may or can or should or must file a motion to reconsider a sentence. Why? Because the Supreme Court in their judgment in 604D doesn't allow it. And so that's why this court's decisions are an anomaly in the sense that they're permitting or requiring defendants to file motions when the Supreme Court's made the judgment that the defendant shouldn't be told that they should be able to file it because in their policy judgment they cannot file it. Well, this is a very good argument, but isn't it true, Ms. Brooks, that the Supreme Court has literally never addressed explicitly this factual context? That is, where the argument is that within negotiated plea, the trial court considered it a proper factor, and that's the difficulty. I know that Leroy Rice, the consolidated case that went to Linder, had three arguments, and they ruled that the Supreme Court only ruled the appellate court in Leroy Rice's consolidated case should not have heard his sentencing arguments. So, I mean, multiple arguments. That sentencing argument there was just, I don't like the sentence. Well, he had multiple ones. He had three of them. So, I mean, they couldn't have all just been simple, as Brademacker says, doggone it, it's just too long. I mean, that's just, I had to say that. But essentially, if that's the only thing that cannot be included in a motion to reconsider sentence, then there's really no, there's no real effect to that limitation. I mean, there really is hardly any case where that's what you simplify. The rule says excessive, and you're essentially saying anything you say about the sentence is really a complaint about what you got, i.e., you gave me too long. So, there is absolutely nothing, unless it would be a violation of due process. The defendant could say, given the judge's behavior or attitude or words, that would permit them to attack a sentence, even though they're not saying outright or specifically, again, to semantics, that it was excessive. They're just saying, it's not fair because he didn't, I don't even want to talk about the amount that he gave me. I want to talk about how he arrived at that decision. Well, also, I still also wanted to answer, finish my answer to Justice Steigman's question, and hopefully answer yours as well at the same point. To say that this is a breach of the plea bargain because of implicit sort of understanding that the judge is only going to consider proper factors in the cap, that they're accepting the sentence that's imposed within the cap. The defendant, I mean, this is sort of like the overriding agreement that when they accept the cap of 13 years and they get 11, they've already agreed that they're not going to challenge that unless they can get the plea withdrawn. That's the overriding agreement here. And so, if it sort of encompasses a different agreement that that sort of exercise lawfully or reasonably, essentially, it doesn't really matter. Because the overriding agreement is that, and under the policy expressed in 604D is explicitly applied in Evans. And even if Evans didn't even say that, and it was just simply a matter of, well, what's, quote, excessive, and it's ambiguous, well, then we would construe these rules in paramateria and say Rule 605C does not permit, or doesn't provide admonitions for this. So, I mean, essentially, it's a negotiated plea. Defendant's not told he should or has to or must file a motion to reconsider sentence, and so that should have simply determined it. But we don't need to even go that route because it's explicit, and it's already been interpreted by a higher court, and this court's duty is to simply file that interpretation and not follow Palmer Smith, which has been consistent with it. And so we'd also be rejecting other cases that we've decided. Yes, Ketron and Economy as well, I believe. Going back to my fundamental policy argument, it just seems to me a couple things. All the reasons you argued about why a negotiated plea should not be subject to attack on excessive sentence argument, it's all true, but I'm wondering if this is not a specific subset of that, and maybe not all that significant of one where a trial court imposing a sentence within a range and agreed upon a negotiated plea is, in fact, explicitly saying it's considering some bad stuff. You know, so that, one, it seems to be a breach of the understanding, and two, are we really dealing with that many cases so that we're undermining the principle, which is your argument should be defended and appropriately so, the principle being, hey, you reach this negotiated plea, here's the sentencing range, don't come whining about it. Well, that's generally a good policy, except maybe when the record explicitly shows the trial judge considered something that is not appropriate to be considered. And my final answer would be that essentially the defendant does have a remedy, but they have to show that withdrawing a plea is necessary to correct a manifest injustice. So if there was an injustice, if the plea was breached because the trial court sentenced him erroneously, and like all these other cases Sweeney, Davis, and Hannah said, include your sentencing issue in your motion to withdraw a guilty plea, demonstrate to the court it's necessary to correct a manifest injustice and get the plea withdrawn. If the trial court disagrees, then you can appeal that because you've complied with 6 of 4D by filing a motion to withdraw a guilty plea. I didn't argue that. I have been involved, I can't remember the precise circumstances as a trial judge, where I remember issues coming up, and I had occasion in the 12 and a half years I was a trial judge to have a conversation with the defendant along these lines. Well, here's the situation, whatever happened I can't even remember, but if you want to withdraw your guilty plea, or if you want to have this all back, I'm going to grant your request, but that might not be a good thing for you, and you should talk to your lawyer about this because if it's granted, we go back to square one. The state is not obligated to adhere to any further plea agreements or make any deals and could bring you to trial on whatever those charges were that were dismissed as part of the plea. I wish I could remember more details about it, but my clear recollection was after further discussion that in most of these cases the defendant with some reluctance said, no I don't want it back, and in fact where you've got class X charges dismissed or multiple charges, I don't think it's a good choice or even a fair choice to say to the defendant, you worked out this deal, it's a good deal for you, your lawyer thinks it's a good deal, you thought it was a good deal, and the judge messed up in sentencing, so you either have to accept the messed up sentence or abandon the good deal. I just don't see why as a matter of policy that's something we should say that the law requires. Can I leave to answer your question? Yes, please. And I apologize for the late, these musings. Part of his deal is that he would accept that up to a 13-year sentence, and so essentially he has gotten the benefit of the bargain. If it is a good deal, that's what he should accept it, and if I leave to further conclude, is that he did file an appropriate motion, a motion to withdraw a guilty plea, but he's not challenged the ruling on that, and so for that reason, the state requests this court to affirm the judgment. Thanks. Thank you, counsel. Mr. Kimmel? May it please the court, and just very briefly, your honors, the state argues that by accepting, you know, the defendant has accepted, any defendant accepts the sentence imposed under the cap by entering a negotiated guilty plea, but that's not quite right. It's not part of the deal. It's not part of the terms of the deal that the trial judge can do whatever he wants at sentencing. It's assumed within the deal that sentencing is going to follow the proper procedures. So this error is external to the deal, or it's implicit in the deal. It's assumed within the deal. It's not like a jury verdict where it's a black box and we don't look into it. We don't know what happened there. The trial judge is encouraged to put his reasons out on the record for imposing the sentence, and if there's something procedurally wrong with those reasons, that's a very different error than just the sentence. What was the sentence imposed there? It was 11 years. Had the judge, who was the judge? Judge Strasetsky. Had he imposed an 11-year sentence and simply used the boilerplate of considering all the mitigating factors and aggravating factors and arguments of counsel, the PSI, blah, blah, blah, and I think an 11-year sentence is appropriate within the range that the parties agreed to. You wouldn't be here, would you? I don't think so. I hate that answer because I think what it encourages is judges to do exactly that. Yes. I think that's unfortunate. I agree with you, and I don't think that's – we don't want judges to think that they have to avoid explaining. But on the other hand, that would be the answer here. I think it wouldn't have been an issue if that had happened. But I think the – and again, I don't like that, but I think that's right. But I also want to touch on this idea that the remedy is withdrawing the guilty plea. That's a remedy that's unmatched to the error, and as Your Honor noted, it's unfair to say that this thing happened that's external to the deal and the only recourse you have is to blow up your good plea deal. Let me ask you this, Mr. Kim. I should have probably asked Ms. Brooks this, but we're talking about the sentencing range and we're talking about a trial judge considering only proper stuff. Here we have a situation where we have a court considering an inherent factor as an aggravating factor, something the Illinois case law says you shouldn't do. To what extent are we opening up this process beyond this? What are some other problems that might arise about the trial court considering bad stuff on the record that might lead us to, well, in addition to this statutory, considering it's an aggravating factor, inherent factor, the court might do something else. What would some other examples be of what a judge might say that would cause you to similarly be arguing here, now this is plain air? I think the flip side of the coin, the easiest other example would be a statutory mitigating factor that the evidence supports and is argued for and that the court explicitly refuses to consider. So it's kind of the other side of the coin of the statutory aggravating factors. So rejecting a specific statutory mitigating factor, okay. I think that would be within at least the most narrow scope. It's possible maybe to extend it a little more than that, but that's the example that best comes to mind. I notice counsel for the state talks quite a bit about Rule 604D within this discussion of Palmer-Schmidt and how it's obviously erroneously decided, and I think that's wrong for a few reasons, and Palmer-Schmidt talks about this in analyzing Evans and Lindor, the case that the state relies on, but it really comes down to the language of Rule 604D, which says that, no appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive. It's that phrase, challenging the sentence as excessive, that leaves room for this type of challenge, because that is not what we're talking about here, and that is the explicit logic of Palmer-Schmidt distinguishing Evans and Lindor, and nothing about that has changed since that decision was decided two years ago. Thank you, Your Honor. Okay. Thank you, counsel. Thank you, Samantha, for the advisement. I want to mention Mr. Berks and Mr. Kimmel. I appreciate very much, and I'm sure the rest of the panel does as well, your open responses to these questions and trying to figure out musings and whatnot. It's an interesting case, and I want to thank you for it. Thank you.